# THE ATTORNEY GENERAL
## OF TEXAS
Gerald C. Mann       AUSTIN 11, TEXAS
~~XXXXXXXXXXXXXXXXXX~~D
ATTORNEY GENERAL



Honorable William T. Curry
County Attorney
Burnet County
Burnet, Texas

Dear Sir:                    Opinion No. O-3270
                                  Re: Upon whom does the responsi-
                                      bility for taxing costs fall
                                      in justice and county courts,
                                      and another question.

Your recent request for an opinion of this department on the
questions herein stated has been received.

The questions presented in your letter are as follows:

"First, upon whom does the responsibility for
taxing costs fall in justice and county courts?

"Secondly, when a county court case is filed
originally in a justice court, arrest made therefrom,
examining trial waived and the case transferred to
county court for trial or plea of guilty there, . . .
is the justice who did all the work entitled to a fee
for transferring? to a trial fee? to both?"

We quote from Texas Jurisprudence, Vol. 26, page 799,
as follows:

"While a justice of the peace is not a 'clerk of
the court' within the meaning of any statute, yet, by
requiring him to keep the records of his court, the law
in effect imposes upon him the duty of acting as clerk
in his own court without any emolument other than that
to which he may be entitled as justice. . . .

"In addition to a civil docket, a justice is re-
quired to keep such other dockets, books and records as
may be required by law; also a fee book in which he shall
be taxed all costs accruing in every suit commenced be-
fore him. . . ."

Article 2382, Vernon's Annotated Civil Statutes, reads in part as follows:

"Each justice shall keep a civil docket in which he shall enter:

". . . .

"12. He shall also keep such other dockets, books and records as may be required by law, and shall keep a fee book in which shall be taxed all costs accruing in every suit commenced before him."

Article 1081, Code of Criminal Procedure, reads in part as follows:

". . . each justice of the peace, shall keep a book, in which shall be entered the number and style of each criminal action in their respective courts, and the name of each witness subpoenaed, attached or recognized to testify therein, showing whether on the part of the State or the defendant."

Article 1013, Code of Criminal Procedure, reads as follows:

"No costs shall be payable by any person until there be produced, or ready to be produced, unto the person chargeable with the same, a written bill containing the items of such costs, signed by the officer to whom such costs are due or by whom the same are charged."

Article 3770, Vernon's Annotated Civil Statutes, provides as follows:

"After the adjournment of a district or county court, the clerk thereof shall tax the costs in every case in which a final judgment has been rendered, and issue execution to enforce such judgment and collect such costs."

It is stated in Texas Jurisprudence, Vol. 11, Page 311, that:

". . . Taxing costs is the duty of the clerk after judgment, as well as before, and in any case is a duty imposed on the clerk alone. . . . ."

Costs are taxed against the defendants in misdemeanor cases.

In the foregoing, you are respectfully advised that it is the opinion of this department that it is the duty of the justice of the peace to tax all costs accruing in his court and the same duty is imposed upon the clerk of the county court regarding all cases in the county court.

From your letter and our conversation with you, with reference to your second question, we understand the facts to be substantially as follows: A complaint was filed in the justice court charging the defendant with an offense of such a nature that the justice court had no jurisdiction of or over the same. The complaint and other papers in the case were transferred to the county court by the justice of the peace. No examining trial was had, but as above indicated, the complaint which should have been filed originally in the county court was inadvertently filed in the justice court. For the purposes of this opinion, we do not consider or pass upon any proposition regarding examining trials in misdemeanor cases, because, as we understand the facts in this case, this question is not before us. Therefore, you are advised that it is our opinion that where a case is originally filed in a justice court, and is a case such as a justice court has no jurisdiction the same cannot be legally transferred to the county court, but it would be necessary to file such case originally in the county court.

Section 18, Article 5 of the State Constitution, provides in part:

" Justice of the Peace shall have jurisdiction in criminal matters in a 11 cases where the penalty or fine to be imposed by law may not be more than Two Hundred Dollars. . . . Of which exclusive original jurisdiction is not given to the district or county courts; and such other jurisdiction, criminal and civil as may be provided by law. . . ."

Where a case is inadvertently filed in a justice court when the same should have been filed originally in the county court, there is no legal authority authorizing the transfer of such a case to the county court. The justice court never acquires jurisdiction of said case and any proceeding of the justice court in connection therewith is wholly void. The justice of the peace is entitled to no fee whatsoever in such a case.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Ardell Williams
            Ardell Williams
                Assistant

AW:RS
APPROVED MAR 24, 1941
Gerald C. Mann /s
ATTORNEY GENERAL OF TEXAS